UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
ISAIAH CRAWFORD and CONSTANCE  )
E. CRAWFORD,                   )
                               )
          Plaintiffs,          )
                               )
    v.                         )   Case No. 05-4063
                               )
JO ANNE B. BARNHART,           )
Commissioner of Social         )
Security,                      )
                               )
          Defendant.           )
```

## O R D E R

Before the Court are a motion by Plaintiffs Isaiah Crawford and his wife Constance Crawford (Plaintiff)[1] for summary reversal (Doc. #16) and a motion by Defendant JoAnne B. Barnhart, Commissioner of Social Security (Commissioner) for summary affirmance (Doc. #12) of a final decision of the Commissioner that Plaintiff was overpaid $3,577.60 in Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act 42 U.S.C. § 1383(b)(1).  This Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

**PROCEDURAL BACKGROUND**

Plaintiff was previously found disabled and entitled to SSI benefits beginning on June 18, 1991.  In the course of

---

[1] In addition to overpaying Isaiah Crawford, the Agency also made payments and overpayments to the Crawfords' minor son on the basis of Mr. Crawford's entitlement to SSI due to his disability. Since the Commissioner's decision only relates to Mr. Crawford's SSI benefits, like the ALJ in his decision, this Court will refer in the remainder of this Order only to a singular plaintiff, namely Isaiah Crawford.

administering his account and benefit payments, Agency personnel learned that from 1988 to 2004, Plaintiff's wife, Constance, had significant income due to wages and unemployment benefits that should have reduced Plaintiff's monthly payments.  The record indicates that by notice dated September 16, 1998, Plaintiff was notified by the Agency of previous overpayment of SSI benefits totaling $287.66 from May 1998 through October 1998, and when combined with accumulated old overpayments totaled $1,558.88 (Exh. 2, Tr. 32-40).  Periodically thereafter by way of a "notice of overpayment" or "billing statements," the Agency notified Plaintiff of accumulated overpayments, the last such notification being a Notice of Change in Payment dated July 17, 2003, reflecting an overpayment of $3,199.52 and changes in his account (Exh. 11, Tr. 93-99).  On September 11, 2003, Plaintiff requested reconsideration of the Agency's determination that he owed this or any amount of overpayments (Exh. 19, Tr. 121-123) which was denied on September 23, 2003.[2]  (Exh. 20, Tr. 124-126).  This September 23, 2003, Reconsideration decision became the final decision of the Commissioner, and Plaintiff filed a timely request for a hearing before the Administrative Law Judge (ALJ)(Exh. 21, Tr. 127-132) which was held on May 28, 2004.  The instant action is judicial review of the Commissioner's decision.  Plaintiff chose to proceed in the hearing without the benefit of counsel and was accompanied by his wife Constance who was the only other testifying witness.

---

[2] The Reconsideration Notice explained that overpayments had occurred at various times from 1998 through November 2001; that all appeals had been denied and none were then pending at the Appeals Council.

(Tr. 201-239).

The ALJ decided that Plaintiff had been overpaid SSI benefits within the meaning of Section 1631 of the Social Security Act.  In that connection, the ALJ identified the benefit payment months involved and related monthly overpayments totaling $3,577.60 with a current balance owed of $3,406.81. (Exh. 27, Tr. 151).  The ALJ stated that he relied upon all the various exhibits in the record (Exh. 1-32), and testimony of Plaintiff and his wife at the hearing (Tr. 201-240) that she had worked as a medical transcriptionist and earned an average of $1,600 per month.  Her job was eliminated on August 30, 2003, due to downsizing, and she received unemployment benefits through March 7, 2004.  The ALJ concluded that Mrs. Crawford's employment wages and subsequent unemployment benefits led to the overpayments. (Tr. 17).  The ALJ also found that a "waiver"[3] had not been requested (Tr. 16) and therefore Plaintiff was obligated to repay the overpayments. (Tr. 17).

**APPLICABLE LAW**

The Social Security Act and related Regulations provide that,

---

[3] Waiver of adjustment or recovery of overpayments by the Agency is not an automatic process; the recipient of SSI benefits must first request a waiver.  20 C.F.R. § 416.558.  This prerequisite is certainly implied if not explicitly stated in that section as follows:
> . . . when notifying an individual of a determination of overpayment, the Social Security Administration will, in the notice, also advise the individual that adjustment or recovery is required as set forth in § 416.571 except under certain specified conditions <u>and of his or her right to request waiver of adjustment or recovery of the overpayment under the provisions of § 416.550</u>.  (emphasis added).

whenever the Agency finds more than the correct amount of payment has been made to an individual, an overpayment occurs and the excess amount must be recovered by means of adjustments in future payments or by recovery or refund from the recipient. 42 U.S.C. § 1383(b); 20 C.F.R. §§ 416.550-557. The Commissioner may, however, waive recovery of an overpayment from an individual who is "without fault"[4] where such recovery would 1)defeat the purpose of Title XVI of the Act; 2) be against equity or good conscience; or 3) impede efficient or effective administration of Title XVI due to the small amount involved. 42 U.S.C. § 1383(b)(1)(B); 20 C.F.R. § 416.550.

"Without fault," as defined in the Regulations, cannot be based solely on a mistake by the Agency, and:

> Whether an individual is *without fault* depends on all the pertinent circumstances surrounding the overpayment in the particular case. The Social Security Administration considers the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, opportunities to comply with the reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e.g., age, comprehension, memory, physical and mental condition). In determining whether an individual is without fault based on a consideration of these factors, the Social Security Administration will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual may have. Although the finding depends on all of the circumstances in the particular case, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from one of the following:

---

[4] The recipient of an overpayment bears the burden to prove that he was without fault in causing the overpayment. See Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir. 1991).

4

>     (a) Failure to furnish information which the individual
>     knew or should have known was material:
>     (b) An incorrect statement made by the individual which
>     he knew or should have known was incorrect (this includes
>     the individual's furnishing his opinion or conclusion
>     when he was asked for facts), or
>     (c) The individual did not return a payment which he
>     knew or could have been expected to know was incorrect.

20 C.F.R. § 416.552.

Plaintiff bears the burden to prove that he was without fault in causing the overpayment. See Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir. 1991).

The Court's function on review is not to try the case *de novo* or to supplant the ALJ's findings with the Court's own assessment of the evidence. The Court must only determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). In determining whether the ALJ's finding are supported by substantial evidence, the Court must consider whether the record, as a whole, contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Credibility determination made by the ALJ will not be disturbed unless the finding is clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564 (1985).

### DISCUSSION

The most that the Court can discern out of Plaintiff's rambling and disjointed memorandum in support of his motion for summary reversal of the Commissioner's decision is that he disputes generally the total amount of overpayments found by the ALJ during

the period August 1998 through November 2003 (Exh. 21, Tr. 127-132), but proffers no evidence in opposition. All the exhibits and testimony of Plaintiff and his wife at the hearing corroborate the ALJ's findings.

There is no basis in the record for Plaintiff's contention that he had not received any overpayments of SSI benefits during the period August 1988 through November 2003.  The exhibits in evidence amply support the ALJ's contrary finding; and Plaintiff and his wife testified at the hearing that during this period, she earned wages and earned about $1,600 per month from her employment between 1988 and August 2003 (Tr. 208-209) and from late September 2003 through March 2004, she said she received approximately $1,580 per month in unemployment compensation benefits. (Tr. 208-09). Additionally, Plaintiff testified that he received the maximum amount of monthly SSI benefits to which he was entitled ("a full check") every month while his wife worked "until they started deducting all these overpayments." (Tr. 220). Having reviewed the record and Plaintiff's and his wife's testimony at the hearing, the Court readily finds that there is substantial evidence in the record to support the ALJ's decision.

Plaintiff sought to use the hearing as a forum to air other unrelated grievances against the Agency's administration of his account.  Likewise, in this action he is raising issues outside the scope of the hearing and beyond review by this Court.

(1)   Plaintiff seems to be asking this Court to allow him to supplement the record evidence relating to his continuing eligibility for SSI benefits based upon his and his wife's joint

2000 Illinois 1040 income tax return attached to his memorandum of law as "Attachment C-1 and C-2." Apparently, at the hearing before the ALJ on May 28, 2004, the ALJ properly refused to accept these exhibits as part of the record because they did not concern the purpose of the hearing which was only to determine whether the Commissioner's decision about the overpayments was correct. (Tr. 204-205).

(2) Plaintiff complains that the hearing before the ALJ should have included review of the Agency's decision relating to a change in or suspension of his and/or his son's SSI payments in December 2003 due to Mrs. Crawford's unemployment benefits. Obviously, this was not the subject of the hearing and the ALJ properly refused to accept or hear such evidence or testimony by Plaintiff and his wife. (See Exhs. 25, 26, 27, 28, Tr. 144-158, 201-239).

There is no basis in the record for Plaintiff's contention that the overpayments should be waived. As noted by the ALJ, Plaintiff "has not requested waiver of these overpayments" (Tr. 17), and there is nothing in the record to challenge this finding. In that regard, the earliest "Notice of Overpayment dated September 26, 1998" (Exh. 2, Tr. 32-40) notified Plaintiff as required by section 416.558, that, "You can ask for waiver at any time by asking your Social Security office to fill out the waiver form. The waiver form number is SSA-632." (Exh. 2 Tr. 34). There is substantial evidence in the record to support the ALJ's decision that Plaintiff did not request a waiver. At the hearing before the ALJ, the thrust of Plaintiff's evidence as perceived by the ALJ,

relates to his almost incoherent contention that he "has been mistreated by the Agency" and that he has not "been properly notified of the status of his many appeals." As indicated by the ALJ, there has been at least seven administrative hearings held by the Agency on the issue of overpayments. (Tr. 16). The ALJ found Plaintiff's testimony in that regard to be without merit and contra indicated by the records of the Agency documenting eleven contacts with Plaintiff about the subject of overpayments. (Exhs. 2, 3, 4, 6, 8, 9, 11, 12, 13, 15, 16). The Court agrees with the ALJ's finding which is supported by substantial evidence in the record.

## CONCLUSION

For all the above reasons, the Court finds that the Commissioner is entitled to summary affirmance of its decision that Plaintiff was overpaid SSI benefits in the amount of $3,577.60 for the period of August 1998 through November 2003; that his current balance on the overpayments is $3,407.01; and that the Commissioner is entitled to recover these overpayments according to law.

ENTERED this  6th  day of February 2007.

                          s/Joe B. McDade
                            JOE BILLY McDADE
                    United States District Judge